UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JANEKA CREESE and DEBRA CREESE,

|  |  |
|---|---|
| Plaintiffs, | **COMPLAINT AND JURY DEMAND** |
| -against- | 17CV4386 (AKH) |
| THE CITY OF NEW YORK, Police Officer JELINSON MARTINEZ, Shield No. 301, Police Officers JOHN DOE No.1 through 10 in their individual and official capacities as employees of the City of New York, | |
| Defendants. | |

------------------------------------------------------------X

The Plaintiffs, JANEKA CREESE and DEBRA CREESE, by their attorney,

The Rameau Law Firm, allege the following, upon information and belief for

this Complaint:

## INTRODUCTION

1.      This is a civil rights action for money damages brought pursuant

to 42 U.S.C. §§§ 1981, 1983, and 1988, the Fourth and Fourteenth

Amendments of the United States Constitution, Article I Sections 6, 11, and 12

of the Constitution of the State of New York, and the common law of the State

of New York, against the police officers mentioned above in their individual

capacities, and against the City of New York.

2.      It is alleged that the individual police officer defendants made an

unreasonable seizure of the person of plaintiffs, violating their rights under the

Fourth, Eighth and Fourteenth Amendments to the United States Constitution,

and that these defendants assaulted and battered plaintiffs. It is further alleged

that these violations and torts were committed as a result of policies and customs of the City of New York.

3.      Plaintiffs seek compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4.      Plaintiffs filed a Notice of Claim on or about June 17, 2016.

5.      At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

6.      This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

7.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367.  Plaintiffs requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiffs' federal claims.

## VENUE

8.      Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

9.     Plaintiff JANEKA CREESE is a resident of the Kings County in the City and State of New York and of proper age to commence this lawsuit.

10.     Plaintiff DEBRA CREESE is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

11.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12.     Defendant Police Officer JELINSON MARTINEZ, Shield No. 301, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant MARTINEZ is sued in his individual and official capacities.

13.     Defendant MARTINEZ at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

14.     At all times relevant defendants John Doe One and Ten were police officers, detectives or supervisors employed by the NYPD.  Plaintiffs do not know the real names and shield numbers of defendants John Doe One and Ten.

15.     At all relevant times herein, defendants John Doe One and Ten were acting as agents, servants and employees of defendant City of New

York and the NYPD.  Defendants John Doe One and Ten are sued in their individual and official capacities.

16.    At all times relevant herein, defendants John Doe One and Ten either directly participated or failed to intervene in the violation of plaintiffs' rights.

17.    At all times relevant herein, all individual defendants were acting under color of state law.

18.    The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

19.    The City was at all material times the public employer of defendant officers named herein.

20.    The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

21.    Plaintiffs are African-American females.

22.     Plaintiff JANEKA CREESE worked at CAFÉ OMAR, a black owned car, located at 1744 Nostrand Avenue, Brooklyn, New York, which has been a target of police harassment since it first opened.

23.     On or about March 19, 2016, while bartending, plaintiff JANEKA CREESE noticed a young man at the bar requesting a drink.

24.     Plaintiff JANICE CREESE made it clear that she would not sell him a drink because he appeared too young and lacked a wristband, evidence that his ID had been checked at the door confirming he was over 21 years of age as she told all other individuals without a wristband.

25.     That young undercover left the premises and was never served.

26.     Thereafter, a number of police officers entered the bar, stopped the music, turned on the light, and requested to examine the establishment's liquor license.

27.     Plaintiff JANEKA CREESE complied and allowed the officers to examine the liquor license.

28.     Nonetheless, defendant officers arrested plaintiff JANEKA CREESE along with plaintiff DEBRA CREESE, her mother, a mere patron of the bar.

29.     Defendant officers cuffed plaintiffs and transported them to the 69th precinct.

30.     At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs committing various crimes.  At no point did plaintiffs commit any crimes or offenses.

31.    At the precinct, plaintiff DEBRA CREESE requested medical attention as she has a heart condition.

32.    Defendant officers denied plaintiff DEBRA CREESE'S request and therefore denied her access to her medication.

33.    Ultimately, plaintiffs were taken from the police precinct to Kings County Central Booking.

34.    All charges against plaintiffs were false and later dismissed.

35.    Plaintiff DEBRA CREESE was forced to make an additional court appearance before criminal case against her was dismissed.

36.    At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence, support and the authority of their office to each other.

37.    All of the above was done in violation of state and federal law.

38.    The conduct of the defendant officers in falsely arresting plaintiffs and assaulting the plaintiffs directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

39.    As a direct and proximate result of the said acts of the defendant officers, the plaintiffs suffered the following injuries and damages:

      i.    Violation of her constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person;

      ii.  Loss of her physical liberty;

40.        The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiffs:

      i.  Freedom from the unreasonable seizure of her person;

## FIRST CLAIM
### False Arrest

41.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42.  Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

43.  As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law False Imprisonment and False Arrest

44.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45.  By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

46.  Plaintiffs were conscious of their confinement.

47.  Plaintiffs did not consent to their confinements.

48.   Plaintiffs' confinement was not otherwise privileged.

49.   Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

50.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

**THIRD CLAIM**
**State Law Assault and Battery**

51.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52.   By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

53.   Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

**FOURTH CLAIM**
**Denial Of Constitutional Right To Fair Trial**

55.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

56.   The individual defendants created false evidence against Plaintiffs.

57.   The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

58.    In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

59.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

60.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

61.    The individual defendants issued legal process to place Plaintiffs under arrest.

62.    The individual defendants arrested Plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of them.

63.    The individual defendants acted with intent to do harm to Plaintiffs without excuse or justification.

64.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of Employment Services

65.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

66.     Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

67.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

68.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

69.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

70.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

**SEVENTH CLAIM**
**Malicious Prosecution**

71.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

72.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff JANEKA CREESE under 42 U.S.C. § 1983 for the violation of the constitutional right to be free from malicious

prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

73.  Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

74.  As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## EIGHTH CLAIM
### State Law Malicious Prosecution

75.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

76.  By their conduct, as described herein, defendants are liable to plaintiff JANEKA CREESE for having committed malicious prosecution under the laws of the State of New York.

77.  Defendants maliciously commenced criminal proceeding against plaintiff JANEKA CREESE, charging her with various crimes.  Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

78.    The commencement and continuation of the criminal proceedings against plaintiff JANEKA CREESE was malicious and without probable cause.

79.    All charges were terminated in plaintiff's favor.

80.    Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff.  Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.


**NINETH  CLAIM**
**Failure To Intervene**

82.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

83.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

84.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

85.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**TENTH CLAIM**
***Monell***

86.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

87.     This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

88.     The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

89.     The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

90.     The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

91.     The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

92.     These policies, practices, and customs were the moving force behind plaintiffs' injuries.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs requests that this Court:

(a)   Award compensatory damages against the defendants, jointly and severally;

(b)   Award punitive damages against the individual defendants, jointly and severally;

(c)   Award costs of this action to the plaintiffs;

(d)   Award reasonable attorneys' fees and costs to the plaintiffs pursuant to 28 U.S.C. § 1988;

(e)   Such other and further relief as this Court deems just and proper.


## JURY DEMAND

Plaintiffs hereby demands a jury trial.

DATED:     June 16, 2017

              Brooklyn, New York


_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiffs*


TO:          All  Defendants

14

Corporation Counsel  of the  City of New  York