17-CV-3659 (ARR)(ST)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEBRA CREESE,

Plaintiff,

- against -

THE CITY OF NEW YORK, and JELINSON
MARTINEZ,

Defendants.

## DEFENDANTS' MOTIONS IN LIMINE

**JAMES E. JOHNSON**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Angharad K. Wilson*
*Tel: (212) 356-2572*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT ...................................................**Error! Bookmark not defined.**

POINT I

PLAINTIFF SHOULD BE PRECLUDED FROM
INTRODUCING EVIDENCE OF UNRELATED
DISCIPLINARY ALLEGATIONS AND PERFORMANCE
EVALUATIONS**.** ........................................................................................................ 1

POINT II

PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING
TESTIMONY OF S.C. AND B.D. BECAUSE THEY WERE
NOT DISCLOSED AS POTENTIAL WITNESSES**.** ..................................................... 7

POINT III

PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING
TESTIMONY OR EVIDENCE REGARDING THE LAWSUIT
BROUGHT BY THE OWNER OF CAFÉ OMAR, ALLEGED
INCIDENTS OF SELECTIVE ENFORCEMENT. ......................................................... 8

POINT IV

PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING
TESTIMONY OR EVIDENCE REGARDING PLAINTIFF'S
CRIMINAL PROSECUTION, AS THERE IS NO CLAIM FOR
MALICIOUS PROSECUTION BEFORE THE JURY .................................................... 9

POINT V

PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING
EXHIBITS RELATED TO JANEKA CREESE'S ARREST
BECAUSE THEY ARE NOT RELEVANT TO THE ISSUE OF
PROBABLE CAUSE TO ARREST PLAINTIFF ......................................................... 10

POINT VI

THE JURY SHOULD NOT BE TOLD THAT THE CITY OF NEW YORK IS A DEFENDANT, PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS," AND PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF INDEMNIFICATION...................................................................................11

POINT VII

PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A PARTICULAR DOLLAR AMOUNT AT TRIAL..................................................................................................13

POINT VIII

PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THE NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE..............................................................15

CONCLUSION...........................................................................................16

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                              **<u>Pages</u>**

<u>Berkovich v. Hicks</u>,
    922 F.2d 1018 (2d Cir. 1991)..................................................................................4

<u>Consorti v. Armstrong World Industries, Inc.</u>,
    72 F.3d 1003 (2d Cir. 1995)..................................................................................13

<u>Ebewo v. Martinez</u>,
    309 F. Supp. 2d 600 (S.D.N.Y. 2004).....................................................................7

<u>Figueroa v. Boston Sci. Corp.</u>,
    00 Civ. 7922 (DC), 2003 U.S. Dist. LEXIS 10936
    (S.D.N.Y. June 25, 2003)........................................................................................6

<u>Galapo v. City of New York</u>,
    95 N.Y.2d 568, 574-75 (N.Y. 2000)......................................................................14

<u>Hernandez v. Kelly</u>,
    09-CV-1576 (TLM) (LB), 2011 U.S. Dist. LEXIS 57114
    (E.D.N.Y. May 27, 2011) ......................................................................................12

<u>Huddleston v. United States</u>,
    485 U.S. 681 (1988)................................................................................................4

<u>Jean-Laurent v. Hennessy</u>,
    05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767
    (E.D.N.Y. Oct. 24, 2011) .......................................................................................12

<u>Jean-Laurent v. Wilkinson</u>,
    05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472
    (S.D.N.Y. Mar. 13, 2009) ......................................................................................13

<u>Lombardo v. Stone</u>,
    99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267
    (S.D.N.Y. Jan. 29, 2002).........................................................................................4

<u>Mathie v. Fries</u>,
    121 F.3d 808 (2d Cir. 1997)..................................................................................12

<u>Michigan v. DeFillippo</u>,
    443 U.S. 31 (1979)................................................................................................10

Mileski v. Long Island R.R. Co.,
    499 F.2d 1169 (2d Cir. 1974)........................................................................13

Patterson v. Balsamico,
    440 F.3d 104 (2d Cir. 2006)..........................................................................7

Pierson v. Ray,
    385 U.S. 547 (1967)......................................................................................10

Richmond v. General Nutrition Ctrs., Inc.,
    08 Civ. 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070
    (S.D.N.Y. Mar. 9, 2012) ...............................................................................6

Ricketts v. City of Hartford,
    74 F.3d 1397 (2d Cir. 1996)..........................................................................3

Romero v. County of Lake,
    60 F.3d 702 (10th Cir. 1995) ......................................................................14

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995)..........................................................................10

Smith v. Freland,
    954 F.2d 343 (6th Cir. 1992) ......................................................................14

Swift v. Mauro,
    04-CV-899 (NAM) (GJD), 2008 U.S. Dist. LEXIS 52203
    (N.D.N.Y. July 7, 2008)................................................................................4

United States v. Aminy,
    15 F.3d 258 (2d Cir. 1994)............................................................................3

United States v. Perez,
    325 F.3d 115 (2d Cir. 2003)..........................................................................3

## PRELIMINARY STATEMENT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Officer Jelinson Martinez and the City of New York. A trial date has not been scheduled, but trial will proceed on the single claim of false arrest since all of the other claims initially asserted in this matter have been dismissed. Defendant Officer Martinez now seeks the following *in limine* relief: (1) to preclude evidence of unrelated disciplinary allegations since, among other things, the evidence is irrelevant and unduly prejudicial; (2) to preclude the testimony of S.C. and B.D. – who have never been disclosed by plaintiff as witnesses and who may not even actually be witnesses; (3) to preclude any mention of allegations of selective enforcement of Café Omar by NYPD; (4) to preclude any evidence regarding Plaintiff's criminal prosecution as the malicious prosecution claim herein was dismissed; (5) to preclude the introduction of exhibits related to the arrest of Janeka Creese; (6) to preclude mention of the City of New York and indemnification, and/or to preclude calling the defense attorneys "City attorneys;" (7) to preclude Plaintiff from requesting a specific dollar amount at trial; and (8) to preclude Plaintiff from introducing sections of the NYPD Patrol Guide at trial.

## POINT I

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF UNRELATED DISCIPLINARY ALLEGATIONS AND PERFORMANCE EVALUATIONS.

Plaintiff has listed on the Joint Pre-Trial Order as exhibits Officer Martinez's Internal Affairs Bureau ("IAB") resume, Civilian Complaint Review Board ("CCRB") summary, Central Personnel Index ("CPI"), performance reviews, and the entirety of three unrelated disciplinary investigation files.

One of the complete investigatory files that plaintiff seeks to introduce relates to

1

the allegation that DJ equipment belonging to an individual who was arrested in connection with an unlicensed cabaret was improperly vouchered and some of it was missing. The IAB investigation determined that Officer Martinez vouchered the items in accordance with NYPD regulations and closed the investigation.  Another investigative file alleges that Officer Martinez conducted random business inspections of a juice bar with an invalid liquor license and that Officer Martinez's supervisor improperly drank a bottle of beer that was removed from the premises. Investigation of the incident determined that the claim was unfounded as to the allegations that the premises was unlawfully searched and that the owner was improperly arrested, and unsubstantiated as to the allegation that the premises were randomly searched and that any officer drank any confiscated alcohol. The third investigation involves the allegation that an arrestee, who had been drinking, was missing $30.00 from his pocket, though he could not account for how the money went missing. Officer Martinez was only named as a subject because he was the partner of the arresting officer. This investigation was also closed as unsubstantiated. It appears that plaintiff seeks to introduce testimony and/or documentary evidence related to these irrelevant disciplinary matters for the purposes of suggesting that Officer Martinez has a propensity to abuse his authority by arresting individuals involved in nightclubs. Plaintiff should not be permitted to do so.

First, the evidence is irrelevant. Here, there is no dispute that there were minors drinking alcohol on the premises where Plaintiff was arrested, nor is there any allegation that Café Omar was not, in fact, serving alcohol. Further, it is clear that P.O Martinez, who was one of several officers who conducted the business inspection in this case, did not determine that this particular business would be the subject of enforcement. As such, prior unsubstantiated allegations that Officer Martinez purportedly conducted harassing business inspections and

arrested an individual who claims that alcohol was not being served on her premises are not relevant; and, even if the claims were relevant, introduction of evidence pertaining to these unrelated allegations would be highly prejudicial to Officer Martinez since the jury might decide liability based on the existence of multiple complaints of misconduct rather than focusing on the evidence pertaining to the sole claim at issue – whether the officer improperly arrested Plaintiff.

Second, in addition to the irrelevancy of the disciplinary documents, Plaintiff should be precluded from introducing the listed exhibits, eliciting testimony concerning any of the disciplinary investigations reflected on disciplinary summaries or the records of those investigations, or attempting to elicit evidence concerning any other allegations of misconduct against Defendant Martinez or any other police officer listed as witnesses, because such evidence is improper propensity evidence and unduly prejudicial pursuant to by Federal Rules of Evidence 404(b) and 403.

Rule 404(b) prohibits the use of evidence of past acts "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Moreover, even where evidence of past acts is offered for a proper purpose,[1] it is only admissible if the acts are sufficiently similar to the act at issue in the instant matter. See United States v. Perez, 325 F.3d 115, 129 (2d Cir. 2003) (quoting 22 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5245 (1978)) ("Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charged."); Ricketts v. City of Hartford, 74 F.3d 1397, 1414 (2d Cir. 1996) (reasoning that it would be an abuse of discretion to admit similar act evidence at trial if the prior act was not sufficiently similar); cf. United States v. Aminy, 15 F.3d 258, 260 (2d Cir. 1994) (admitting evidence of other acts

---

[1] Rule 404(b) permits the use of evidence of past acts for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

because sufficient similarity showed relevance).

Further, bad act evidence of a sufficiently similar nature is not automatically admissible even where the proponent has articulated some not-for-character purpose. As the Supreme Court held in Huddleston v. United States, 485 U.S. 681, 688 (1988), the decision to admit evidence under Rule 404(b) depends on "whether the danger of unfair prejudice [substantially] outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Thus, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the exceptions provided by the Rule, and, second, whether under Rule 403 the probative value is substantially outweighed by the potential for jury confusion or prejudice. Lombardo v. Stone, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *8 (S.D.N.Y. Jan. 29, 2002); see also Advisory Committee Notes to Fed. R. Evid. 404(b).

As an initial matter, it clear that the purpose of introducing this evidence would be to suggest to the jury that Officer Martinez has a propensity or pattern of engaging in unconstitutional conduct, including, but not limited to false arrests and/or theft of property. The evidence should be excluded on this basis alone. See e.g., Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to 404(b) and 403 of the Federal Rules of Evidence); Swift v. Mauro, No. 04-CV-899 (NAM) (GJD), 2008 U.S. Dist. LEXIS 52203, *2-3 (N.D.N.Y. July 7, 2008) (excluding evidence of complaints, internal affairs reports, and notices of claim on grounds that such testimony was not related to the truthfulness of Plaintiff's allegations and probative value was slight).

Nonetheless, even if Plaintiff could articulate a proper purpose for the disciplinary

4

evidence under 404(b), which she cannot, the evidence should still be excluded because it is dissimilar in nature to the allegations here and is substantially more prejudicial than probative and is, thus, inadmissible pursuant to Rule 403.  As set forth above, there are no allegations of missing property in this matter and, there is no dispute concerning the legality of serving alcohol on the premises; accordingly, the intended evidence is dissimilar to the claims alleged in the complaint.  Further, admitting evidence of these unrelated, dissimilar complaints would unfairly prejudice Officer Martinez.  The very fact that there are other allegations of misconduct is, in itself prejudicial, since it could influence a jury's credibility assessment of the officer.  The evidence is also prejudicial since it would require Officer Martinez to explain the particular facts and circumstances of the unrelated incidents – essentially turning into mini-trials of Officer Martinez's disciplinary history – which would in turn confuse and distract the jury from the ultimate issue of whether Officer Martinez violated Plaintiff's constitutional rights in *this* case.[2] Thus, any purported similar act evidence offered by Plaintiff is inadmissible, and Plaintiff should be precluded from introducing Defendant's disciplinary history or inquiring about unrelated allegations of misconduct at trial.

Moreover, to the extent that Plaintiff may argue that this evidence is relevant to Officer Martinez's character for truthfulness, it is clear that pursuant to FRE 608 and 609, extrinsic evidence cannot be used to demonstrate a witness's character for truthfulness unless it is a conviction for a felony and that the probative value outweighs the prejudicial effect of such evidence. In this case, the evidence involves confusing and unsubstantiated claims of missing property that are not related to any criminal conviction of Officer Martinez. Further, the probative value of these vague, confusing, and unsubstantiated claims is greatly outweighed by

---

[2] Similarly, unrelated allegations of misconduct are inadmissible hearsay pursuant to Fed. R. Civ. P. 802.

the prejudicial effect such evidence would have on a jury. Similarly, Officer Martinez's performance evaluations should be precluded because they are not relevant to the remaining claim in this case. While these evaluations might arguably be relevant to a claim against the City of New York for negligent supervision or under a theory of *Monell*, there are no such claims at issue before the jury and, accordingly, introduction of these performance evaluations are not relevant to the remaining false arrest claim. Furthermore, these claims may also

For the same reasons set forth above, Plaintiff should also be precluded from proffering evidence or eliciting testimony regarding any non-party officer witnesses' prior or subsequent disciplinary complaints or lawsuits. These individuals are not defendants in this matter, and are not subject to liability herein, thus, the probative value of any prior or subsequent disciplinary complaints or lawsuits is extremely low or non-existent while the prejudicial effect of this evidence is high.  The danger of confusion and prejudice clearly outweigh the probative value of any non-party's disciplinary record.  Id.  As such, this evidence should be also precluded pursuant to Fed. R. Evid. 403.[3]

---

[3] Courts in this Circuit have applied the same analysis to prior civil lawsuits, finding that the probative value of introducing prior lawsuits is outweighed by the prejudicial effect such evidence could have and its potential to confuse the jury.  See Richmond v. General Nutrition Ctrs., Inc., 08 Civ. 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070, at *31 (S.D.N.Y. Mar. 9, 2012) (precluding the introduction of evidence of lawsuits against defendant because "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims."); see also Figueroa v. Boston Sci. Corp., 00 Civ. 7922 (DC), 2003 U.S. Dist. LEXIS 10936, at *11 (S.D.N.Y. June 25, 2003) (finding that the probative value of introducing evidence of other lawsuits is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time.").

## POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OF S.C. and B.D. BECAUSE THEY WERE NOT DISCLOSED AS POTENTIAL WITNESSES.

Plaintiff intends to call two individuals identified in the JPTO only as "S.C., Security guard, potential witness, sealed arrest," and "B.D., Bar patron, sealed arrest." The testimony should be precluded because Plaintiff never disclosed them as required by Fed. R. Civ. P. 26(a)(1)(A)(i), and, in fact, their identities and the subject matter of their testimony have still not been adequately disclosed.

Where a party fails to provide information required by Fed. R. Civ. P. 26(a), that party is not allowed to use that information at a hearing or trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "The purpose of the rule is to prevent the practice of "sandbagging" an opposing party with new evidence." Ebewo v. Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) (precluding expert report not timely disclosed prior to motion practice for summary judgment).    In determining whether preclusion is warranted, "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).

First, Plaintiff has offered no explanation as to why these individuals were not previously disclosed. Second, the subject matter of their anticipated testimony has still not been disclosed and, consequently, neither its relevance nor its importance can be assessed. Critically, as Plaintiff has noted that these are "potential" witnesses, she appears equally ignorant of the relevance or importance of their testimony. Moreover, third, it would be extremely prejudicial to

7

require Officer Martinez to defend against this unknown and unanticipated testimony for the first time at trial. Furthermore, a continuance in this case would not be appropriate, as it appears that the witnesses are individuals who were arrested on the night of the incident, meaning that Plaintiff has been aware of their existence for years and could have disclosed them during discovery when depositions could have been taken. To add these witnesses now only confuses the issues in the case and requires the expending of further resources to conduct discovery that should have taken place prior to the close of discovery and briefing on the summary judgment motion.  Plaintiff should not be rewarded with a continuance for her strategic decision to forego identification of these purported witnesses during the discovery period.

### POINT III

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OR EVIDENCE REGARDING THE LAWSUIT BROUGHT BY THE OWNER OF CAFÉ OMAR, ALLEGED INCIDENTS OF SELECTIVE ENFORCEMENT.

Plaintiff should further be precluded from offering any testimony or evidence regarding the allegations and/or lawsuits of the owner of Café Omar or his son commenced in 2018 alleging that Café Omar was targeted for selective enforcement due to racial bias. The owner of Café Omar, Kendal Stewart, who served on the New York City Council from 2002 to 2009, filed a lawsuit in 2018 alleging that the NYPD unfairly targeted Caribbean-owned businesses in East Flatbush, Brooklyn, for enforcement of alcohol rules. Mr. Stewart's lawsuit alleges that the selective enforcement began in August 2016, several months after the date of the incident in this matter, when NYPD officers forced him to shut down an event at Café Omar on the weekend prior to the West Indian Day Parade.

These allegations of selective enforcement should be precluded because they are not

relevant to the issue of whether or not there was probable cause to arrest Plaintiff for selling alcohol to Mr. Audige. There is no dispute that Mr. Audige was in Café Omar and further there is no dispute that Mr. Audige was underage and in possession of alcohol at the time of enforcement. The issue underlying the false arrest is therefore not whether or not the establishment was properly targeted for enforcement, but rather whether there was probable cause to believe that Plaintiff was individual who provided the alcohol to Mr. Audige. Allegations regarding selective enforcement would thus be irrelevant and prejudicial to Defendant Martinez, since it would suggest that he routinely improperly targeted businesses that served alcohol, and would outweigh any probative value.

## POINT IV

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OR EVIDENCE REGARDING PLAINTIFF'S CRIMINAL PROSECUTION, AS THERE IS NO CLAIM FOR MALICIOUS PROSECUTION BEFORE THE JURY.**

Plaintiff has listed a number of exhibits from the file of Plaintiff's criminal prosecution on the Joint Pre-Trial Order, specifically: the DA's file jacket, the Complaint Room Screening Sheet, the Criminal Court Complaint, the CPL 701.30(1)(a) Statement Notice Form, the DA Packet Online, the Criminal Court Information, and the Certificate of Disposition. Additionally, Plaintiff has listed the prosecutor who handled her case, Lino de Masi, as a witness on the JPTO. All of this evidence should be precluded as irrelevant and a waste of time, pursuant to Fed. R. Evid. 402 and 403. These documents are not relevant to the sole remaining claim in this action, which is a claim for false arrest.

Probable cause exists "when the arresting officer has knowledge or reasonably

trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). The validity of an arrest does not depend upon an ultimate finding of guilt or innocence. Pierson v. Ray, 385 U.S. 547, 555 (1967). Thus, whether the suspect was later acquitted of the charges for which he was arrested is irrelevant to a determination of probable cause at the time of arrest. Michigan v. DeFillippo, 443 U.S. 31, 36 (1979). Plaintiff's prosecution and its ultimate outcome are thus irrelevant to the false arrest claim in this matter. Introduction of evidence regarding Plaintiff's prosecution would thus be a waste of time. Moreover, introduction of this irrelevant evidence would also confuse the jury since (1) it might lead the jury to conclude that the evidence is somehow relevant, even though it has no relevance to the ultimate issuance the jury must decide – whether Plaintiff was arrested absent probable cause; and (2) the jury simply would not know what to do with the evidence. Accordingly, Exhibits 4-9, 18, and 19, along with the testimony of ADA Lino de Masi should be precluded.

## POINT V

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EXHIBITS RELATED TO JANEKA CREESE'S ARREST BECAUSE THEY ARE NOT RELEVANT TO THE ISSUE OF PROBABLE CAUSE TO ARREST PLAINTIFF.

Plaintiff has listed a number of documents related to the arrest of her daughter, Janeka Creese, on the Joint Pre-Trial order, including the arrest report, the prisoner movement slip, the record of the Criminal Justice Agency interview, and the Desk Appearance Ticket investigation form. *See,* Pl. Exhs. 38-46. All of this evidence should be precluded as irrelevant and a waste of time, pursuant to Fed. R. Evid. 402 and 403. These documents are not relevant to the sole remaining claim in this action, which is a claim that Debra Creese was falsely arrested. Whether

or not there was probable cause or arguable probable cause to arrest Janeka Creese is irrelevant to the question of whether there was probable cause to arrest Debra Creese. Moreover, this Court has already dismissed Janeka Creese's false arrest claim and that decision was affirmed by the Second Circuit. These documents thus have no probative value in relation to claim that the jury will be deciding in this matter and presentation of these documents to a jury will only serve to confuse the jury and waste time with irrelevant evidence. Moreover, this evidence is also prejudicial to the extent that Plaintiff seeks to suggest that Officer Martinez has a propensity to routinely make unjustified arrests. Further, it is also prejudicial to the extent that this evidence is provided to suggest that the reason that Janeka's case was dismissed is that there was probable cause and that, by contrast, Debra's case was not dismissed because there was no probable cause.

## POINT VI

**THE JURY SHOULD NOT BE TOLD THAT THE CITY OF NEW YORK IS A DEFENDANT, PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS," AND PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF INDEMNIFICATION.**

Since the claim for municipal liability under *Monell* has been dismissed, there remains no claim against the City of New York other than that which arises from a theory of *respondeat superior*. Thus, the City of New York should not be mentioned at the trial and it should be removed from the caption for any documents at trial. Any mention of the City of New York would only be for the purpose of prejudicing Defendant Martinez because then the jury would be inclined to award Plaintiff more money under the assumption that the City of New York is a "deep pocket" who can afford to pay a higher judgment than the individual officer would be able to on his own. Defendants will stipulate that Officer Martinez was acting in the

scope of his duties as an NYPD officer in connection with this case. Therefore, should Plaintiff prevail on the claim against Officer Martinez, Plaintiff will also have prevailed against the City of New York on a theory of *respondeat superior*. The City of New York should thus be removed from the caption and no mention should be made that the City of New York is a defendant.

The same prejudice would occur if Plaintiff is permitted to inform the jury that the attorneys for Defendant Martinez are employed by the government as "City attorneys." See Hernandez v. Kelly, No. 09-CV-1576 (TLM) (LB), 2011 U.S. Dist. LEXIS 57114, at *17-18 (E.D.N.Y. May 27, 2011) (where the City was not a defendant, precluding plaintiff from referring to the City and directing him to refer to defense counsel as attorneys from the Office of Corporation Counsel); Jean-Laurent v. Hennessy, No. 05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767, at *45-46 (E.D.N.Y. Oct. 24, 2011) (same). Accordingly, Defendant respectfully requests that no mention of the City of New York be made at the trial and defense counsel be referred to as precisely that, "defense counsel," or "attorneys from the Office of the Corporation Counsel."

Indemnification also has no bearing on the facts of Plaintiff's claims or damages and would only serve to unfairly prejudice the Defendant. Therefore, pursuant to Fed. R. Evid. 402 and 403, Plaintiff should not be allowed to introduce or otherwise refer to the possibility that the City of New York will indemnify Defendant Martinez. Officer Martinez will not proffer evidence regarding his personal financial resources and ability to pay punitive damages at trial. Therefore, based upon the established precedent in this Circuit, there is no relevant basis for the admission of possible indemnification evidence at trial and, accordingly, such evidence should be precluded. See Mathie v. Fries, 121 F.3d 808, 816 (2d Cir. 1997) (the existence of an indemnification agreement is relevant only where the individual defendants adduce evidence of

12

their personal financial resources at trial); <u>see</u> <u>also</u> <u>Jean-Laurent v. Wilkinson</u>, No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472, at *8 (S.D.N.Y. Mar. 13, 2009) (precluding admission at trial of evidence of potential indemnification of defendant police officers by the City of New York).

Accordingly, (1) the jury should not be advised of the fact that the City of New York is a defendant in this matter and it should be removed from the caption; (2) defense counsel should not be referred to as City attorneys; and (3) Plaintiff should be precluded from introducing evidence concerning possible indemnification by the City.

## POINT VII

### PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A PARTICULAR DOLLAR AMOUNT AT TRIAL.

While the Second Circuit has not adopted a flat prohibition of suggesting a specific dollar amount, it does disfavor specifying target amounts for the jury to award. <u>Consorti v. Armstrong World Industries, Inc.</u>, 72 F.3d 1003, 1016 (2d Cir. 1995). Such suggestions unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence. <u>Id.</u>. <u>See</u> <u>also</u> <u>Mileski v. Long Island R.R. Co.</u>, 499 F.2d 1169, 1172 (2d Cir. 1974)("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel . . ."). The Court in <u>Consorti</u> went on to state:

> A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly. . . . We encourage trial judges to bar such recommendations.

<u>Consorti</u>, 72 F.3d at 1016. As such, Plaintiff should be precluded from suggesting a specific

dollar amount to the jury during her opening statement, during the testimony of any witness and/or during summation.

### POINT VIII

**PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THE NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE.**

Plaintiff should be precluded from referring to and offering any evidence of NYPD procedure or patrol guide provisions.  Alleged violations of NYPD procedure by the Defendant is irrelevant to the determination of whether Plaintiff's constitutional rights were violated.  This is especially true in this case where there is no evidence in the record to establish that any of the Defendants violated NYPD procedure pertaining to their interaction with Plaintiff.  Thus, any NYPD procedure or patrol guide provision should be precluded pursuant to Fed. R. Evid. 402 and 403.

First, the standards set forth as per NYPD procedure are merely guidelines established by the New York City Police Department and are not the standards of the United States Constitution.  In light of Plaintiff's claims that her constitutional rights were violated, any NYPD guidelines, whether or not followed to the letter, are irrelevant to the determination of whether Plaintiff's constitutional rights were violated.  See Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force.  A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983"); Romero v. County of Lake, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police procedure generally do not give rise to a 1983 claim"); see also Galapo v. City of New York, 95 N.Y.2d 568, 574-75 (N.Y. 2000) (NYPD Patrol Guide

14

should be excluded from evidence because it does not create legal duties).  Since NYPD procedure does not create legal duties, it is irrelevant to the determination of whether Plaintiff's constitutional rights were violated and should therefore be precluded under Fed. R. Evid. 402.

Second, any reference to alleged "violations" of NYPD procedure, meaning that Defendant did not follow the exact guidelines, would only confuse the jury.  The jury will be called upon to determine whether Officer Martinez violated Plaintiff's constitutional rights, which is to be evaluated by the jury under the Fourth Amendment standard.  If the jury is presented with the proffered portions of NYPD procedure, it is likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate Defendant's alleged unconstitutional actions, notwithstanding a contrary instruction from the Court.  It is certainly in the realm of possibility that an officer could follow NYPD procedure and still violate an individual's constitutional rights or not follow NYPD procedure and not violate an individual's rights.  Therefore, any reference to alleged "violations" of NYPD procedure are irrelevant, unfairly prejudicial, and would only confuse the issues and the jury.  Accordingly, the Patrol Guide, as well as testimony regarding NYPD procedure, should therefore be precluded pursuant to Fed. R. Evid. 402 and 403.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant

Defendants' motions in limine, along with other such relief that the Court finds just and proper.

Dated:       New York, New York
             December 21, 2020

                                        JAMES E. JOHNSON
                                        Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendants City and Martinez*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2572


               By:      _____
                        Angharad K. Wilson
                        *Senior Counsel*


To:     Counsel of Record (Via ECF)